

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 JUN -1  PM 1:43

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____ **11-CV-1432**


Pat's Construction Service Inc.,

Patrick D. McSkimmings,

Linda N. Johnson,                          Plaintiffs

     v.

The State of Colorado,

Homestead Services Inc.,

Douglas County Public Trustee's Office, Colorado,

Douglas County Sheriff's Department, Colorado,

Deutsche Bank National Trust Company,

Castle Meinhold & Stawlarski P.C.,

County Attorney, Douglas County Colorado,

Ash and White Construction Co.

Milestone Engineering LLC,

Baseline Engineering Corp, Colorado

CCS Consultants, Inc.

BCA Group

Colorado Asphalt Services Inc., Colorado

Denver Public School District Number 1, Colorado

The Abo Group Inc.

Seaman, Murphy & Chambers, P.C.

Denver Series of Lockton Companies LLC

Jefferson County School District R-1, Colorado

Signet Crest, Inc.

Insurance Company of the West

Hutton Ford Architects, LLC

Allan Ford Architects, P.C.

Hopp Law firm, LLC

Hispanic Contractors of Colorado

Corporate Creations Network Inc.

Mindy A. Maguire

Donald Maguire

John Winter, and/or DBA John Doe

Mr. David Chad Johnson                    Defendants

---
**COMPLAINT**
---

## PARTIES

1. Plaintiff    Pat's Construction Service Inc.        Is a Colorado Corporation
are located at the following address with the registered Agent Mailing Address of: Patrick
McSkimmings, P.O. Box 499, Larkspur Colorado 80118

2. Plaintiff    Patrick D. McSkimmings        is a citizen of Colorado USA
who presently resides at the following address: 702 Highway 105, Palmer Lake, Colorado
Mailing address, P.O. Box 499, Larkspur Colorado 80118

3. Plaintiff    Linda N. Johnson        is a citizen of Colorado USA
who presently resides at the following address: 702 Highway 105, Palmer Lake, Colorado
Mailing address, P.O. Box 499, Larkspur Colorado 80118

4. Defendant    Hopp Law Firm, LLC        is a CO Limited liability Company
are located at the following address: 333 W. Colfax Ave., Suite 500, Denver CO. 80204
Registered Service Agent and Address are: Robert J. Hopp, P.O. Box 8539, Suite 805,
Denver, CO 80201

5. Defendant    C.C.S. Consultants, Inc.        is a Colorado Corporation
Registered Service Agent and location Address are:: C.C.S. Consultants, Inc., 4860 Robb
Street, Suite 101, Wheat Ridge, CO 80033

6. Defendant    Ash and White Construction Co.        is a Colorado Corporation
are located at the following address: 18 S. Wilcox St., Ste 100, Castle Rock, CO 80104,
Registered Service Agent Address:  Timothy L. White, PO Box 97, Castle Rock, CO 80104

7. Defendant    Hutton Ford Architects, LLC        is a CO Limited liability Company
Registered Service Agent and location Address are: Alan Ford Architects P.C., 3457 Ringsby
Court, Suite 217, Denver, CO 80216

8. Defendant    Alan Ford Architects, P.C.        is a CO Professional Corporation
Registered Service Agent and location Address are: Alan Ford Architects P.C., 3457 Ringsby
Court, Suite 217, Denver, CO 80216

9. Defendant    Milestone Engineering LLC        is a CO Limited liability Company
Registered Service Agent and location Address are: Gary K. Yoshimura, 7105 W. 71st Ave,
Arvada, CO 80003

10. Defendant    Denver Series of Lockton Co. LLC        is a Foreign LLC

are located at the following address: 8110 E. Union, Suite 700, Denver, CO 80237.
Registered Service Agent and Address are: Corporate Creations Network Inc., 3773 Cherry
Creek Drive North #575, Denver, CO 80209

11. Defendant       Corporate Creations Network Inc          is a Foreign Corporation
Registered Service Agent and Address are: Signet Crest Inc., 3773 Cherry Creek Drive North
#575, Denver, CO 80209

12. Defendant       Signet Crest Inc.                        is a Colorado Corporation
Registered Service Agent and location Address are: Agent Nathan Jansch, 3773 Cherry
Creek Drive North #575, Denver, CO 80209

13. Defendant       Baseline Engineering Corporation         is a Colorado Corporation
Registered Service Agent and location Address are: John Mclain, 1536 Cole Blvd. #220,
Golden, CO 80401

14. Defendant       Colorado Asphalt Services, Inc           is a Colorado Corporation
Registered Service Agent and location Address are:  H. Wayne Leiser, 3700 E. 56th Ave,
Commerce City, CO 80022

15. Defendant       Denver Public School District #1         A CO school district
With the service address: Director of Construction Services and Purchasing Agent,
2800 W. 7th Ave., Denver CO 80204

16. Defendant       Jefferson County School District #R-1    A Colorado School District
With the service address: Cheryl Humann, Director, Construction Manager, 809 Quail St.
Bldg 4, Lakewood, CO 80215

17. Defendant       Insurance Company of the West            A California Insurance Company
With the service address:  Division of Insurance, 1560 Broadway, Denver, CO 80202

18. Defendant       State of Colorado                        A State of the U.S.A.
With the service address: John W Suthers, Colorado Attorney General, Colorado Dept. of
Law, 1525 Sherman St., Denver, CO 80203

19. Defendant       BCA Group                                Is a trade name for an engineering
Services used by Baseline Engineering Corp, and C.C.S. Consulting Inc, a Colorado
Corporation, Service Address are previously listed herein and above

20. Defendant       Mindy A Maguire                          is a citizen of Colorado USA
who live(s) at or is/are located at the following address: 11865 Mesa View Rd, Larkspur,
CO, 80118-6147

21. Defendant       Donald Maguire                           is a citizen of Colorado USA
who live(s) at or is/are located at the following address: 11865 Mesa View Rd, Larkspur,
CO, 80118-6147

22. Defendant       Douglas County Sheriffs Dept             Located in Douglas County CO
is located at the following address: Mr. David A Weaver, Sheriff, Douglas County Sheriff's

4

Dept., Justice Center, 4000 Justice Center, Castle Rock, CO 80109

23. **Defendant**       Castle, Meinhold & Stawiarski, LLC          Is a Colorado LLC
Whose Service agent address and location are: Philip E Johnson, registered agent, 370 17th
Street, Suite 3500, Denver, CO 80202

24. **Defendant**       Douglas County Public Trustee          Located in Douglas County CO
is located at the following address: Tom Mowle, Public Trustee Douglas County CO,
Office of Public Trustee, 301 Wilcox Street, Castle Rock, CO 80104

25. **Defendant**       Homestead Services, Inc.          is a Colorado Corporation
Who's Registered Service Agent and address are: Lara Winter, PO Box 215, Elbert, CO
80106, and is located at the following address: 24295 N. Elbert Road, Suite A, Elbert, CO
80106

26. **Defendant**       John Winter DBA John Doe          is a citizen of
who live(s) at or is/are located at the following address: , PO Box 215, Elbert, CO
24295 N. Elbert Road, Suite A, Elbert, CO 80106

27. **Defendant**       Mr. David Chad Johnson          is a citizen of Colorado USA
who live(s) at or is/are located at the following address: 11839 Haskel Creed Rd,, Larkspur
CO 80118

28. **Defendant**       County Attorney Douglas County          Located in Douglas County CO
is located at the following address: Mr. Lance J Ingalls, County Attorney Douglas County
100 Third St., Castle Rock, CO 80104

29. **Defendant**       Deutsche Bank Nation Trust Company          is a Foreign Corporation
Service address: The Corporation Company, 1675 Broadway Ste 1200, Denver, CO 80202,
United States: with a business address of: 60 Wall Street, Nyc60-4006, New York, NY
10005, United States

30. **Defendant**       The Abo Group, Inc.          Is a Colorado Corporation
Who's Registered Service Agent and address are:  Registered Agent Ronald K Abo,
12600 W. Colfax Ave., Ste. C-200, Lakewood, CO 80215, United States

31. **Defendant**       Hispanic Contractors of Colorado          is a CO Nonprofit Corporation
is located at the following address: Registered Agent Helga Grunerud
646 Mariposa St., Ste. 100, Denver, CO 80204

32. **Defendant**       Seaman, Murphy & Chambers, P.C.          is a Colorado Corporation
who live(s) at or is/are located at the following address: Service Agent David L. Murphy,
7730 E. Belleview Avenue, Greenwood Village, CO 80111, United States

## JURISDICTION

33. Jurisdiction is asserted pursuant to following statutory authorities:

28 USC 1443, 42 USC 1981, 42 USC 1982, 42 USC 1983, 42 USC 1988, 42 USC 2000d-1

Title VI of the Civil Rights Act of 1964

Constitution Of The State Of Colorado: Article XI Public Indebtedness: Section 2.
No Aid to Corp.

Constitution Of The State Of Colorado, Article II Bill Of Rights, Section 3, Inalienable rights

Constitution Of The State Of Colorado, Article II Bill Of Rights, Section 25. Due process of
law

Constitution Of The State Of Colorado, Article II Bill Of Rights, Section 6. Equality Of
Justice

Multi State litigants

Breach Of Contract, multi state litigants

The Constitution of the United States of America, Article I, Section 10

The Constitution of the United States of America, Bill of Rights Article V

The Constitution of the United States of America, Bill of Rights Article VII

The Constitution of the United States of America, Bill of Rights Article XIV

34.    Briefly state the background of your case:

Patrick McSkimmings and Linda Johnson are the sole owners of the business herein

called Pats Construction Service Inc.  Plaintiffs entered into a sub contract on two Colorado

school district jobs.  During the course of construction Plaintiffs entered directly into the

contract, pursuant the general conditions of the contract, with Denver Public School District #1.

Multiple design changes and additions occurred on both projects, pursuant to the terms and

conditions of the contracts and Colorado Revised Statues Plaintiffs were entitled to additional

cost due to changed conditions of the work required under the contracts.  Plaintiffs were

unlawfully denied these additional costs by the School Districts and General Contractor Ash and

White Construction.  Plaintiff's filled demand for arbitration on both projects, pursuant to the

terms and conditions of the contract, Ash and White Construction refused to abide by the

conditions of the Contracts and C.R.S., so Plaintiffs filled suit, pursuant to the contract terms,

against the Surety Insurance Company of the West (herein referred to as ICW), the secondary

obligor, paid for the full and faithful performance of the contract of both Contracts.  In

subsequent court actions District Court, City and County of Denver, Colorado Case No. 02-CV-

3332-7, Colorado Court of Appeals case no. 04 CA 1085, and Colorado Supreme Court Case 06

SC 80.  Plaintiffs received partial judgment under the bonding statue CRS § 38-26-105 against

ICW for work performed at the DPS #1, and appealed the directed verdict dismissing the case

concerning Jefferson County School District #R-1 for failure to file a bond claim with the

district.  The Colorado Court of Appeals produce a new written published president of law,

finding that the common law breach of contract suit filled by Plaintiffs was a catch all suit,

finding the case being suit on bond, and that the certain and specific bonding statues CRS § 38-

26-105, and CRS § 38-26-106 applied to the case, further that there was no right to sue pursuant

to bonding statue CRS § 38-26-107.  The court continued with the opinion that "where there is

no contractual privity Plaintiffs right to sue were strictly statutory".  The opinion rendered by the

Colorado Court of Appeals in the case is contrary to long established published president

concerning Colorado public works contractors, sub-contractors and materialman, contract law,

and surety contract liability, and violates Article I, section 10, The Constitution of the United

States of America, restrictions upon powers of States. Petition for Writ of Certiorari DENIED,

EN BANC, By the Supreme Court of Colorado.  Plaintiffs filed suit in District Court, Jefferson

County, Colorado, Case No. 06 CV 4651, on November 29, 2006, being dismissed without

prejudice, some 90 days later, contrary to Colorado Rules of Civil Procedure, Rule 121, Section

1-10, contrary to the legislative directive and paragraph 3 of the rule, that one year of non action

is required, and the legislative directive at the time, that the court shall not scan its files. Plaintiff's had contractual privity on both projects, Plaintiffs civil right pursuant to the rules of civil procedure, **The Constitution of Colorado, and The Constitution United States** of the United States were violated.

35.     Plaintiffs were foreclosed upon on there personal residence and place of businesses, located at and **having a legal description of** "Situate Lying And Being In The County Of Douglas And State Of Colorado, **Described As Follows: Lot 49 Mesa Grande, County Of** Douglas, State Of Colorado", (also known as 11839 Haskel Creek Road, Larkspur Colorado 80118).  The Denver District **Court withheld payments received on judgments from ICW** for months, contributing to the **cause of the action.  District Court, Douglas County, Colorado,** was commenced to foreclose on Plaintiffs residence and place of businesses. Deutsche Bank National Trust Company **filled unlawful motions and orders, violating Plaintiff's Civil Rights**.  Plaintiffs prevailed in the **County Court, Douglas County, Colorado, Case No. 2008 C 1111**, receiving summary judge **against the Order for Possession April 2nd 2008, and prevailing in an** second evidentiary **hearing and request for possession by** . The issue of possessions jurisdiction resides with the County Court, **and jurisdiction on title is proper in District Court.  Plaintiffs** filed for trial by Jury as the case lie in **law and equity, and submitted a motion to amend the** county court answer.  Deutsche **Bank National Trust Company and there** attorneys Castle Meinhold & Stawlarski P.C., **failed to file the required appeal of the County Court Order, pursuant** to civil procedure.  The **District Court conducted a new unlawful trail on title with out notice** to Plaintiffs, and granted title **and unlawful possession to Deutsche Bank National Trust** Company.

Evidence will show that the Douglas County Public Trustees office conducted an unlawful foreclosure, that on the advice of the Douglas County Attorney's Office produced a fraudulent scribers foreclosure report, interfered with the lawful sale of the property, disseminated false information from there office concerning the date of redemption Plaintiffs were entitled too. Homestead Services Inc, John Winter DBA John Doe, and the Douglas County Sheriffs office illegally took possession of the residence and other property. That a lawfully obtained order denying possession was posted on the door at time of illegal forcible entry and seizure.

36.     As whistle blowers, Plaintiffs allege they are victims of government, political, law enforcement, and judicial corruption, including multiple unlawful acts including but not limited to , deceptive trade practices, fraudulent insurance acts, exclusions, felony theft, offering a false instrument for recording, abuse of public records, attempt to influence a public servant, issuing a false certificate, embezzlement of public and private property, intimidating a witness or victim, concealment of public records open to inspection, obstruction of justice, fraud, perjury, fraud upon the tribunal, false reporting to a governmental investigating agency, entering into civil and criminal unlawful conspiracy, seizure of personal and business property without due process, deprived of use of property without due process of law, discrimination based on sex and race, United States Postal Service mail fraud, denying Plaintiff's fair and equal protection of the law, violation of there State and Federal constitutional civil rights. Plaintiffs have been subject to multiple virus and malicious software application attacks since December, making research, preparation, and production of this document and the evidence nearly impossible.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

37.    Plaintiffs Constitutional rights pursuant to The Constitution of the United States, Article 1, Section 10, Restrictions upon Powers of States, "**or law impairing the obligation of contracts**", The Constitution of the United States of America, Bill of Rights Article XIV, The Constitution of the United States of America, Bill of Rights Article VII, The Constitution of the United States of America, Bill of Rights Article V,  Constitution Of The State Of Colorado, Article II Bill Of Rights, Section 6. Equality Of Justice, Constitution Of The State Of Colorado, Article II Bill Of Rights, Section 25.  Due process of law, Constitution of the State of Colorado, Article II Bill Of Rights, Section 6. Equality of Justice.  This paragraph pertains to all Claims for relief contained in the Complaint.


38.    The Colorado District Court, City and County of Denver, Colorado Case No. 2002-CV-3332-7, Colorado Court of Appeals case no. 2004 CA 1085, and Colorado Supreme Court Case 2006 SC 80, have applied Colorado Revised Statues and denied Plaintiffs Constitutional rights pursuant to established precedents of law (see "Modern Woodmen of America v. White, 70 Colo. 207, 199 P. 965 (1921)"), Colorado Revised Statues, the Common Law Breach of Contract right Constitutionally protected therein, upon the doctrine of continuing violation Plaintiffs bring this claim, wherein Defendants listed herein impaired the Plaintiffs right to enforce there Constitutionally  protected rights.  On appeal the Colorado Court of Appeals produced a published president opinion Pat's Construction Service, Inc., v. Insurance Company of the West.

39.     The Denver district Court dismissed Plaintiffs case based on its failure to file a Bonding

Claim with the owner JDSD R-1 within the 90 day statue of limitations contained in C.R.S. § 38-

26-105, C.R.S. § 38-26-106.  President of law Failure to meet statutory requirements does not

deprive subcontractor of common-law claims.  Failure of a subcontractor or materialman to meet

the statutory requirements of this section and §§ 38-26-106 and 38-26-107, e.g., time limitations

within which a claim must be filed, does not deprive it of its common-law claims against the

principal contractor and the principal contractor's surety. Montezuma Plumbing & Heating, Inc.

v. Hous. Auth., 651 P.2d 426 (Colo. App. 1982).


40.     Plaintiffs in order to file such bonding claim must certify under oath the contents and

responsibility for payment of such moneys due, without proper knowledge of the responsible for

the errors in establishing the benchmark elevations on the JCSD R-1 project, it was not possible

to lawfully file such bonding claim, without full knowledge of the error, that the Owner and there

management team, the Architect and Engineer, had supplied the incorrect elevation of the

benchmark, filling a bonding claim would hold Ash & Whites payment of funds, not the

responsible party, thus exposing  Plaintiffs to liability under law.  After some 6 years it was

discovered in the official records, that the Owner JCSD R-1 knew someone, part the

Construction Management team, had used "DD" drawings, not approved for construction.  This

confirms the earlier suspicions, but still does not identify the party at fault.


41.     Plaintiffs are entitled to damages for pursuant to the contract document for nonpayment

resulting in the shut down, delay, and startup of the business,   Plaintiffs were due costs for changed conditions and damages for delays pursuant to C.R.S. § 24-91-101 (2), C.R.S. § 24-91-103.5. The court finding that the common law breach of contract was unenforceable, and that Plaintiffs only rights to collect lied in the bonding statues, which don't allow for damages violated the right of Plaintiffs as detailed in paragraph 39 of this complaint.

42.   Both JSCD R-1 and DPS Contracts state in detail Plaintiffs had the right to judicial review, and Suit against The Contractors Ash and White Construction, and the Secondary Obligor Insurance Company of the West, pursuant to C.R.S. § 4-1-201 (39) "Surety" includes a guarantor or other secondary obligor, and Denver Public Schools.

43.   The case dismissed on directed verdict, Insurance Company of the West, Paid for the full and faithful performance of the contract with JCSD R-1 and Pats Construction Service contained the following Contract Statue of Limitations on Actions, GC-54, Plaintiffs right to proceed in action according to the contract, and testified to under Oath at trial before the tribunal by Patrick D. McSkimmings, The Contract was entered unto evidence as *Plaintiffs Exhibit 20*, prima fascia evidence of Insurance and Contract Fraud, and violation of the rights described in Paragraph 39 of this complaint.  The following Statue of Limitations contained there in.

### GC - 54.00 LIMITATION OF ACTIONS

Any actions against the Contractor, his subcontractors, suppliers, or others providing materials or services for the project, brought to recover damages for injury to person,

12

damage to property, including loss or damage to the property or the project itself, or

defects in materials caused by the design, manufacture, supplying, planning, supervision,

inspection, construction, or observation of construction of the project shall be brought

within six (6) years after such claim for relief arises and the nature and extent are fully

discovered. Et. EL.

44.     Plaintiffs afore mentioned Constitutionally protected rights to enforce the direct

contractual obligations, and obligations arising under the terms and conditions of a contracts,

concerning the Construction Contract Jefferson County School District R-1, called Site Drainage

and Pavement Improvements, Locker Replacement, Mechanical Renovation , Denver Public

School District Number 1, Eight Classroom Addition Warren Knapp Elementary School, have

been violated by Defendant's Insurance Company of the West, Signet Crest, Inc., Corporate

Creations Network Inc., Denver Series of Lockton Companies LLC, Hopp Law firm, LLC, Ash

and White Construction, the State of Colorado, and Seaman, Murphy & Chambers, P.C..


45.     Plaintiff's were denied lawful interest on Damages pursuant to C.R.S. § 24-91-103. (2),

Interest Public entity - contracts - partial payments, "the contractor shall pay the subcontractor

interest as specified by contract or at the rate of fifteen percent per annum whichever is higher"


46.     Plaintiffs were denied damages Pursuant to the terms and conditions of the contract for

shut down, delay, and startup, including the rental of non active equipment.

47. Plaintiffs other allegations of alleged unlawful conduct, and damages owed on both contracts are contained in Plaintiff's Exhibit 86. Duly previously served upon all parties to this claim for relief.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

48.     Plaintiffs civil rights as described in paragraph 39 of this complaint, were violated in the foreclosure, Contempt of a lawfully obtained County Court Order, action concerning the property know as "SITUATE LYING AND BEING IN THE COUNTY OF DOUGLAS AND STATE OF COLORADO, DESCRIBED AS FOLLOWS: LOT 49 MESA GRANDE, COUNTY OF DOUGLAS, STATE OF COLORADO", (also known as 11839 Haskel Creek Road, Larkspur Colorado 80118)

49.     Plaintiffs prevailed in possession Case No in County Court Case, and supplemental hearing conducted after default judgment for failure to appear by Deutsche Bank National Trust Company, wherein the Court issued an Order denying possession of the herein named property. Plaintiffs filled to move the case to District Court of Douglas County for trial by jury on title to the property, the case being one of law and equity, for improper procedure during the foreclosure process, dissemination of false information by the Douglas County Public Trustees Office Data Base, and fraud upon the tribunal. The jurisdiction issue of possession lies in the county court, and trial on title jurisdiction lies in the District Court.

50.    Deutsche Bank National Trust Company, and there attorneys Castle Meinhold &

Stawlarski P.C., were instructed by the County Court Judge no new trial would be granted in the

lower court, and that they should be filling papers to appeal the possession order issued by that

court, the court holding firm on that decision.


51.    Defendants Deutsche Bank National Trust Company through there attorneys Castle

Meinhold & Stawlarski P.C., are required to file a Motion for a new trail for reconsideration of

the "Denial" of the "ORDER FOR POSSESSION" pursuant to C.R.C.P. 359 (a), the Motion

must be made in writing pursuant to C.R.C.P. 359 (b), stating grounds and issues C.R.C.P. 359

(c), with the time allowed for filling Motion defined pursuant to C.R.C.P. 359 (c) (f) of fifteen

days after entry of Judgment.  Or in the alternative to file an appeal to this District Court

pursuant to C.R.C.P. 411 (a) within 15 days of entry of Judgment.  Defendants did none of the

required actions for judicial review by the Higher District Court.


52.    Plaintiffs had scheduled a hearing to amend there counter claim to include unlawful acts

committed in County Court and during the foreclosure.  Deutsche Bank National Trust Company

through there attorneys Castle Meinhold & Stawlarski P.C., had an F.E.D hearing scheduled, no

trial on title was contained on the District Court docket.  The District Court Judge Hopt

conducted an unlawful and unconstitutional trial on title and F.E.D. trial without notice to

Plaintiffs in this Case. Defendants Deutsche Bank Nation Trust Company, County Attorney

Douglas County, John Winter DBA John Doe, Homestead Services, Inc., Douglas County Public Trustee

53.  Plaintiff alleges that the District Court Judge turned of the court recording device filling a false public record.

54.  Deutsche Bank National Trust Company, Castle Meinhold & Stawlarski P.C., John Winter, and/or DBA John Doe, Homestead Services Inc., The State of Colorado, Douglas County Sheriff's Department, Colorado, and Castle Meinhold & Stawlarski P.C., unconstitutionally seized the assets and property named herein without a lawfully obtained and legal Court Order, and violated the Order denying possession posted on the door of the property at time of unlawful seizure. Plaintiffs are entitled to possession of the property and trial on title. Plaintiffs are entitled to compensation for the illegal seizure and disposal of assets located on the property.

55.  Deutsche Bank National Trust Company, and Homestead Services Inc., unlawfully sold Plaintiffs property in approximately 3 weeks after possession, far below market value, this and other act constitute violations of the Colorado Consumer Protection Act.

56.  Defendants Mindy A. Maguire and Donald Maguire illegally bought the unlawfully repossessed home, and were unjustly enriched by approximately $100,000.00 dollars by the illegal and unconstitutional sale of Plaintiffs residence.  Plaintiff are entitled to the profits from

the sale of there property.

57. Douglas County Public Trustee's Office, Colorado, and the County Attorney, Douglas County Colorado, Product a fraudulent letter dated May 8th 2008, stating fraudulently that Deutsche Bank National Trust Company never agreed to the agricultural sale date, the certified copy in Plaintiffs possession of the official records contains a letter agreeing to the extension of the date from Deutsche Bank National Trust Companies attorneys Castle Meinhold & Stawlarski P.C.,. Plaintiffs allege the Herein mentioned departments produced and knowingly filled a false document for recording in an official illegal pursuant to C.R.S. §18-5-114. Offering a false instrument for recording, and that Defendants gave false information to the tribunal and the investigating agency about the claim.

58.     Plaintiffs alleged detailed description of unlawful and illegal conduct is detailed in the Notice of law suit Plaintiff's Exhibit 87. Above defendants are contractually and legally liable for the damages caused to Plaintiffs for unlawful interference with the sale of Plaintiffs business and personal property, loss of consortium, illegal seizure of business and personal property, damages suffered by Plaintiffs caused by Defendants unlawful and violation of constitutionally protect rights to due process of law, and equal protection of the law, and breach of contract. Plaintiff additionally suffered severe mental and physical pain. Defendants conduct was outrageous, and as applicable to law Plaintiffs are entitled to restitution, and damages pursuant to the Colorado Consumer Protection Act.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

59.     Pursuant to the terms and conditions of the contract and subcontract, with Denver Public

School District #1, Ash and White Construction Co., Insurance Company of the West, Denver

Series of Lockton Companies LLC, and The Abo Group, Inc., denial of payment of change

orders pursuant to the Prime Contract, Article 33, is subject to Judicial review.  Plaintiffs won

there case in Denver District Court.  The Jury found in favor of Plaintiffs for unlawful theft of

retainage, and unlawful denial of changes to the work.  Above defendants are contractually and

legally liable for the damages caused to Plaintiffs for unlawful none payment, loss of consortium,

loss of use of business and personal property, damages suffered by Plaintiffs for legal actions

caused by Defendants unlawful conduct and breach of contract.  Plaintiff additionally suffered

severe mental and physical pain.  Defendants conduct was outrageous, willful and wanton, and

as applicable to law Plaintiffs are entitled to restitution, double damages, or the damages

pursuant to the Colorado Consumer Protection Act.

Plaintiffs are unable to enforce constitutionally protected obligations of the contract damages in

excess of $6,000,000.00 in Colorado District Courts.


## FORTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

60.     Defendants Insurance Company of the West, Colorado Asphalt Services, Inc, Baseline

Engineering Corporation, Signet Crest Inc., Corporate Creations Network Inc, Denver Series of

Lockton Co. LLC, Milestone Engineering LLC, Alan Ford Architects, P.C, Hutton Ford

Architects, LLC, Ash and White Construction Co., C.C.S. Consultants, Inc., and Jefferson

County School District #R-1 breached the obligations, terms and conditions of the contract,

failing to supply the correct elevation for the project bench to the surveyor.


61.     Plaintiffs reported the problem, defendants engaged in a 6 month unconstitutional

investigation, and acting in a unlawful conspiracy to cover up there mistakes and deny liability

for there errors, engaged in multiple unlawful acts refusing lawfully due payment for the change

in scope of work required for Plaintiffs to construct project. Above defendants are contractually

and legally liable for the damages caused to Plaintiffs for unlawful none payment, loss of

consortium, loss of use of business and personal property, damages suffered by Plaintiffs for

legal actions caused by Defendants unlawful conduct and breach of contract. Plaintiff

additionally suffered severe mental and physical pain.


62.     EVO Consulting Inc, Eldon Von Ohlen, P.E., P.L.S. was hired by Plaintiffs, and did and

independent analysis of the errors, changes and omissions, producing a report Plaintiffs Exhibit

39-3 confirming all of Plaintiffs calculations and additional costs to be reasonable and inline with

industry costs.


63.     Colorado Asphalt Services was the paving contractor on the job, there fine grade foreman

"John Doe" before multiple witnesses said the lot was right on, referring to grading as staked. He

witnessed the destruction of stakes for the center line grading by A&W project Supervisor Scott

Garret, and said he would be our witness.  Plaintiff Patrick McSkimmings went to the offices of

Colorado Asphalt Services, seeking the identity of this witness, was refused on the bases of "we

get a lot of work from them, by there chief estimator, being co-conspirators to the cover ups.

64.     Defendants conduct was outrageous, willful and wanton, and as applicable to law

Plaintiffs are entitled to restitution, double damages, or the damages pursuant to the Colorado

Consumer Protection Act.  Plaintiffs are unable to enforce constitutionally protected obligations

of the contract damages in all or part and in excess of $6,000,000.00 in Colorado District Courts.

Plaintiffs allege that Defendants embezzled public and private money from a federally funded

School District paying everyone for there errors, and inability to construct and observe and

design the project correctly.

## FIFTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

65.     Plaintiff alleges that the State of Colorado's judicial system is corrupt and

unconstitutional, protecting Tim White President of A&W, whom was on the Douglas County

School board, and other governmental and utility boards.  The Judicial System should be subject

to US Dept of Justice investigation.  Plaintiff civil rights to defend claims against them have

been violated every time they have filled suit or been subject to suit since this action began.

66.     The Published Opinion by the Court of Appeals, notes that Pats was a Party to the

contract, yet goes on to say that where no contractual privity exists Pats only rights were

statutory.  The Opinion is contrary to all established law, and precedence set in prior cases.

67.     The opinion is unconstitutional, violated the longer state of limitations provided for in C.R.S. 13 80 104, and the terms and conditions of the contracts. And need to be overturned, fully relieving sureties from breach of contract claims.  To release compensated surety from liability, by and alteration or departure from the contract, it must have been prejudiced thereby. Federal Sur. Co. V White, 88, Colo. 238, 295 P. 281 (1930); Empire State Sur. Co. v. Lindenmeier, 54 Colo 497, 131 P. 437(1913; National Sur. Co v. Queen City Land Mtg. Co., 63 Colo. 105, 164 P. 722 (1917)

## SIXTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

68.     All the Defendants, defined as construction professional failed to respond to a notice of claim, Pursuant to the construction professional shall be subject to the treble damages provision of section 6-1-113 (2) (a) (III), C.R.S.; except that a construction professional shall be subject to the treble damages provision only if the claimant otherwise prevails on the claim that a violation of the "Colorado Consumer Protection Act", article 1 of title 6, C.R.S., has occurred.

69.     Plaintiffs contacted the city and County of Denver District Attorneys Office, Denver Police, DORA, FBI, CBI, DPS #1, JCSD R-1, Jefferson County Sheriffs Dept, Attorney General State of Colorado; none would accept a complaint, in effect there is no rule of law in Colorado.

## SEVENTH CLAIM FOR RELIEF

## AND SUPPORTING FACTUAL ALLEGATIONS

70.     Defendants Seaman, Murphy & Chambers, P.C., entered into a civil conspiracy with

Larry Johnson of Hopp Law Firm, LLC, Insurance Company of the West, Denver Series of

Lockton Companies LLC, Ash and White Construction Co., in every instance miss-informing

and miss leading Plaintiffs about there rights under the law, defending the illegal actions of the

Defendants, refusing to file actions before the court in order to secure the documents and

depositions required for Plaintiffs to prevail, making false statements before the tribunal,

removing every breach of contract and allegation of illegal reference from Plaintiff Claims,

withholding the contracts against Plaintiff orders from the Court of Appeals, failing to refer to a

single conditions or obligation contained the contract Documents, during trial or appeal.

Defendants conspired to deny Plaintiffs Constitutional rights as stated in First Claim for Relief.

Defendants Insurance Company of the west never appeared in Denver District Court, Plaintiffs

were denied summary judgment for failure to appear, and denied the right to cross examine

defendants.

## EIGHTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

71.     Defendant The State of Colorado, Hispanic Contractors of Colorado, Denver Public

School District Number 1, Colorado, Ash and White Construction Co. are involved in an anti

White reverse discrimination racist group called the Hispanic Contractors of Colorado,  All the Defendants involved in the DPS School management were Minorities,  when a black minority contractor filled the same claim against the project, for changes in work, the entire legal and management team went to work to offer settlement and hearing at arbitration, while not even notifying Plaintiffs there claim were denied, or conducting a hearing as required by law before taking plaintiffs property for government use.  These Act constitute a Title VI of the Civil Rights Act of 1964 violation.  Defendant held Plaintiffs retainage many month after substantial completion of the project, were required by law to pay within 30 days of completions pursuant to C.R.S. 8-3-121 and other federal and state statues.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:  Trial by Jury on issues so tribal.   Plaintiffs seek damages for shutdown, delay, and startup of there business, including rental rate for plaintiffs loss of consortium, restoration of plaintiffs lost property, cost for defending multiple law suits past and present, cure of judgments caused by defendants violations of law and constitutionally protected rights, punitive damages pursuant to insurance, contract, Colorado consumer protection act, enforcement of all the obligations and damages of the contract documents.  Damages for severe emotional distress caused by Defendants.  Damages as claimed additionally in the claims for relief.  Restoration or payment for all lost property seized by Defendants.  Interest pursuant to law, attorney fees and cost pursuant to the law and contract documents.  Damages for current and future loss of consortium.

Date:  June 1, 2011

PRESIDENT PATS CONSTRUCTION
SERVING THE PLAINTIFF

(Plaintiff's Original Signature)

P.O. Box 499

(Street Address)

Larkspur CO 80118

(City, State, ZIP)

719-459-4488

(Telephone Number)