**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

AUG 0 3 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01432-BNB

PATRICK D. McSKIMMINGS, and
LINDA N. JOHNSON,

    Plaintiffs,

v.

THE STATE OF COLORADO,
HOMESTEAD SERVICES, INC., a Colorado Corp.,
DOUGLAS COUNTY PUBLIC TRUSTEE'S OFFICE, CO,
DOUGLAS COUNTY SHERIFF'S DEPARTMENT, Colorado,
DEUTSCHE BANK NATIONAL TRUST COMPANY, Foreign Corp.,
CASTLE MEINHOLD & STAWLARSKI, L.L.C., Colorado,
COUNTY ATTORNEY, DOUGLAS COUNTY COLORADO,
ASH AND WHITE CONSTRUCTION CO., a Colorado Corporation,
MILESTONE ENGINEERING LLC, a Colorado Limited Liability Company,
BASELINE ENGINEERING CORP., a Colorado Corporation,
CCS CONSULTANTS, INC., a Colorado Corporation,
BCA GROUP, a Registered Colorado Trade Name,
COLORADO ASPHALT SERVICES, INC., a Colorado Corporation,
DENVER PUBLIC SCHOOL DISTRICT NUMBER 1, Colorado,
THE ABO GROUP, INC., a Colorado Corporation,
SEAMAN, MURPHY & CHAMBERS, P.C., a Colorado Professional Corporation,
DENVER SERIES OF LOCKTON COMPANIES, LLC, a Foreign Corporation,
JEFFERSON COUNTY SCHOOL DISTRICT R-1, Colorado,
SIGNET CREST, INC., a Colorado Corporation,
INSURANCE COMPANY OF THE WEST, a California Insurance Company,
HUTTON FORD ARCHITECTS, LLC, a Colorado Limited Liability Company,
ALLAN FORD ARCHITECTS, P.C., a Colorado Professional Corporation,
HOPP LAW FIRM, LLC, a Colorado Limited Liability Company,
HISPANIC CONTRACTORS OF COLORADO, a Colorado Nonprofit Corporation,
CORPORATE CREATIONS NETWORK INC., a Foreign Corporation,
MINDY A. MAGUIRE, a Citizen of the United States,
DONALD MAGUIRE, a Citizen of the United States,
JOHN WINTER, Whose Business Statues [sic] is Unknown, and
MR. DAVID CHAD JOHNSON, a Citizen of the United States,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs, Patrick D. McSkimmings and Linda N. Johnson, initiated this action by filing a *pro se* complaint. On July 18, 2011, Plaintiffs filed an amended complaint. They have been granted leave to proceed *in forma pauperis*.

The Court must construe the amended complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended complaint and the action for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Plaintiffs' claims arise out of a breach of contract lawsuit they filed in the District Court for the City and County of Denver. Plaintiffs assert that they "are entitled to a derivative action . . . being unable to enforce the obligations of the contracts for construction at two school jobs located in Denver and Jefferson Counties. District, Appeals, and Supreme Courts of Colorado have interfered with the obligations of the express contracts of Pat's Construction and Plaintiffs [sic] mortgage." Amended Complaint at 4. Plaintiffs assert that their property and business was confiscated without due process of law, and that they were "unlawfully denied payment for changed conditions of work due to negligence and errors of Defendants." *Id.* at 4. Plaintiffs

2

further allege that an "unlawful and unconstitutional" direct verdict was entered against

them by the Denver District Court.  *Id.* at 15.  They assert claims for breach of contract,

"concealment," fraud, violations of their equal protection and due process rights,

discrimination on the basis of race and sex, illegal seizure of business and property, and

loss of consortium.  As relief, they request the following:

> Plaintiffs pray this Honorable Court overturn as unconstitutional the
> Directed Verdict dismissing Pat's Construction Service case against
> Insurance Company of the West based on the concealed evidence and
> unlawful acts.  Trial by jury on changed conditions was conducted and
> Plaintiffs prevailed in Second Claim for Relief, Plaintiffs pray this court
> enforce the damages due pursuant to the Contracts, Statues [sic], and
> precedence of law. . . . Plaintiffs pray, on the Fifth Claim for Relief, this
> Honorable Court enforce the Douglas County Court Order denying
> Defendants possession of their business and personal place of
> residence, restore the funds unlawfully obtained by the illegal sale, and
> conduct trial on Title and damages for illegal seizure of their property, trial
> by jury is requested on the issues presented.

*Id.* at 70.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court

lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised

sua sponte by the Court at any time during the course of the proceedings.  *See*

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party

seeking to invoke the jurisdiction of a federal court must demonstrate that the case is

within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.

1994).

The Court lacks subject matter jurisdiction over Plaintiffs' claims in the amended

complaint because they are asking the Court to review proceedings in the Denver

District Court and Colorado Court of Appeals in their breach of contract action.  The

3

*Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court in accordance with 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably

4

intertwined with the state court judgment." *Id*. at 1148.  Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." ***See Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Plaintiffs are asking the Court to review state court orders and declare those orders unconstitutional.  Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine.  ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986).  Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __3ʳᵈ__ day of _____August_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-01432-BNB

Patrick D McSkimmings and
Linda N Johnson
702 Highway 105 #30
Palmer Lake, CO 80133

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 3, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk